UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br><br>Petitioners,<br><br>v.<br><br>EASTERN ELEVATIONS LLC,<br><br>Respondent. | **OPINION AND ORDER**<br><br>20 Civ. 8990 (ER) |

Ramos, D.J.:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), and the New York City District Council of Carpenters (the "Union") (together with the Funds, the "Petitioners"), petition the Court to confirm an arbitration award against Eastern Elevations LLC ("Eastern"). Doc. 1. For the reasons set forth below, the petitioners' motion is granted.

I.   **Factual Background**

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry

Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds under ERISA, 29 U.S.C. § 1002. *Id.* at ¶ 4. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization under 26 U.S.C. § 501(c)(3). *Id.* at ¶ 5. Both the ERISA Funds and Charity Fund maintain a principal place of business at 395 Hudson Street, New York, New York 10014. *Id.* at ¶¶ 4, 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York (together with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation. *Id.* at ¶ 6. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of Eastern. *Id.* at ¶ 7. Eastern is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142 with its principal place of business at 496 7th Street, Brooklyn, New York 11215. *Id.* at ¶ 8.

On approximately January 20, 2017, Eastern executed letters of assent for work to be performed on the Build it Back Brooklyn & Queens Project (the "Project"). *Id.* at ¶ 9. The letters bound Eastern to the Build it Back Brooklyn and Queens Outer Borough Residential Market Recovery Project Labor Agreements (collectively, "PLAs"). *Id.* at ¶ 10. The PLAs bound Eastern to collective bargaining agreements with the Union ("CBAs"). *Id.* at ¶ 11. The PLAs and CBAs required Eastern to make contributions to the Fund for all work within the trade and geographical jurisdiction of the Union and to provide records for purposes of auditing compliance with benefit fund contributions. *Id.*

at ¶¶ 12, 14.  The CBAs provide that arbitrators may be used to settle disputes as to claims arising from payments to the Funds and give the arbitrator full and complete authority to decide issue and fashion remedies.  *Id.* at ¶¶ 17, 18.

Petitioners conducted an audit of Eastern and discovered that Eastern failed to remit required contributions totaling $3,325.33.  *Id.* at ¶ 22.  Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher.  *Id.* at ¶ 23.  The arbitrator held a hearing, at which Eastern did not appear, and rendered an award ("Award") on September 21, 2020.  *Id.* at ¶ 24; Doc. 1-8 at 1.  The Award ordered Eastern to pay a sum of $16,329.59, consisting of: (1) principal deficiency of $3,325.33; (2) interest thereon of $526.89; (3) liquidated damages of $665.07; (4) non-audit late payment interest of $2.55; (5) audit costs of $9,409.75; (6) court costs of $400; (7) attorneys' fees $1,500; (8) arbitrator's fees $500.  Doc. 1 at ¶ 25.  The arbitrator also found that interest would accrue on the Award from date of issuance at the rate of 5.25%.  *Id.* at ¶ 26.  To this date, Eastern has failed to pay any portion of the Award.  *Id.* at ¶ 27.  Petitioners also request attorneys' fees for time spent in collection efforts.  *Id.* at ¶ 30.

On October 27, 2020, Petitioners filed the instant petition to confirm the arbitration award.  Doc. 1.  Petitioners served Eastern on November 10, 2020.  Doc. 7.  Eastern failed to respond within 21 days.  Accordingly, the petition is considered unopposed.

## II. Legal Standards

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court

should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."

*Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

**III.     Discussion**

The Court finds that there is sufficient justification for this award.  *Landy*, 954 F.2d at 797.  The Arbitrator reviewed the CBAs and Petitioner's evidence, which reflected that Eastern owed contributions and interest payments for the relevant time periods.  Doc. 1-8.  "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."  *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate.  Eastern has not appeared in this case and has not attempted to modify or vacate the award.  Courts "have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."  *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a).  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest in mandatory on awards in civil cases as of the date judgment is entered.").

**V.     Conclusion**

For all of these reasons, the petition is granted and the arbitration award is confirmed.  The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $16,329.59, plus 5.25% annual interest from the Award date through the judgment date.  Eastern is also ordered to pay $1,190 in attorneys' fees and $73 in costs arising from this petition.  This judgment shall accrue post-judgment interest pursuant to § 1961.  The Clerk is further directed to mail a copy of this decision to Eastern and to close the case.

SO ORDERED.

Dated:   September 29, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.